IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| Latoya White, | ) | Case No.: 2:23-cv-04669-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | **(Jury Trial Demanded)** |
| KL Franks Trucking, LLC d/b/a Franks Trucking and Sylvia Jean Hammons, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Latoya White brings this claim against Defendants KL Franks Trucking, LLC d/b/a Franks Trucking and Sylvia Jean Hammons, based on the allegations set forth below.

## PARTIES

1. Plaintiff Latoya White (hereinafter "Plaintiff") is a citizen and resident of Charleston County, South Carolina.

2. Upon information and belief, Defendant KL Franks Trucking, LLC d/b/a Franks Trucking ("Defendant Franks") is a limited liability company organized under the laws of the State of Georgia with its principal place of business in Dalton, Whitfield County, Georgia.

3. Upon information and belief and at all times material hereto, Defendant Franks owned and operated as an interstate freight trucking common carrier that used the public roadways throughout South Carolina, and it regularly and systematically conducted business in the State of South Carolina.

4. At all times relevant to this action Defendant Franks is liable for the acts and/or omissions of its agents and employees within the scope of their respective agency and/or employment pursuant to the doctrine of *respondeat superior*.

5. Upon information and belief, Defendant Sylvia Jean Hammons ("Defendant Hammons") is a citizen and resident of Whitfield County, Georgia.

6. At all times relevant herein, Defendant Hammons was an employee, agent and legal representative of Defendant Franks and was acting in the course and scope of her employment.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction arising under 28 U.S.C. § 1332 over the claims in this lawsuit because the parties are citizens of different states and the amount in controversy is in excess of $75,000.00 exclusive of interest and costs.

8. This Court has personal jurisdiction over the parties and venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events, acts, and/or omissions giving rise to this claim occurred in this district.

## FACTS

9. On or about September 18, 2020 at approximately 9:25 a.m., the Plaintiff was a passenger in an Uber traveling on Mall Drive located in Charleston County, South Carolina.

10. The Uber driver was acting in a reasonably prudent and careful manner at all times pertinent hereto and was operating his vehicle with due care.

11. Defendant Hammons was operating a tractor-trailer on Mall Drive and executed an improper right turn from across a lane, striking the Uber sedan in which Plaintiff was a passenger, and pinning the vehicle underneath the semi-truck.

12. The Plaintiff suffered injuries as a result of the impact, sustaining a significant injury to her left eye which caused a traumatic macular hole and resulted in permanent visual impairment.

### FOR A FIRST CAUSE OF ACTION
(Negligence/Gross Negligence)

13. To the extent they are not inconsistent with this cause of action, Plaintiff incorporates the allegations of the paragraphs above into this cause of action.

14. At all times relevant hereto, Defendant Hammons was an employee, agent and legal representative of Defendant Franks and was acting in the course and scope of her employment.

15. Defendant Franks is responsible for Defendant Hammons' actions and the consequences of her actions on September 18, 2020.

16. The collision, injuries and damages described in this Complaint were the direct, foreseeable and proximate result of the negligent, careless, willful, wanton, reckless, and grossly negligent acts or omissions of Defendant Hammons, who was acting in the course and scope of her employment, agency, and representation of Defendant Franks, in the following particulars:

   a. Driving a motor vehicle in such a manner as to indicate a willful, wanton, reckless, grossly negligent and negligent disregard for the safety of others, in violation of S.C. Code Ann. § 56-5-2920;

   b. Improperly executing a right turn, in violation of S.C. Code Ann. § 56-5-2120;

   c. Failing to maintain a proper lookout;

   d. Failing to use the degree of care and caution that a reasonable person would have used under the circumstances then and there prevailing;

   e. Failing to keep the motor vehicle she was operating under control;

   f. Failing to maneuver to avoid an accident; and

      g. In such other and further particulars as the evidence at trial may show.

All of which acts and omissions, or both, were the actual, direct and proximate cause of the damages and injuries claimed herein.

17. As a direct and proximate result of Defendant Hammons' willful, wanton, reckless, grossly negligent and negligent acts as set out above, the Plaintiff has suffered injuries.

18. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Defendant Hammons as set out above, as well as her violation of state law, Plaintiff is entitled to recover actual and punitive damages from the Defendants as determined by a jury.

**FOR A SECOND CAUSE OF ACTION**
**(Negligence *Per Se*)**

19. To the extent they are not inconsistent with this cause of action, Plaintiff incorporates the allegations of the paragraphs above into this cause of action.

20. Defendant Hammons had a duty to Plaintiff, and the public, to operate her vehicle on the interstate highway in a safe and reasonable manner. Defendant Hammons breached her duty by failing to comply with state laws, rules, regulations, and guidelines governing the operation of a motor vehicle in South Carolina.

21. Defendant was negligent *per se* in violating the following statutes and regulations:

    a. S.C. Code § 56-5-2120 in executing an improper right turn;

    b. S.C. Code § 56-5-4240 requiring the driver of a commercial motor vehicle operating in intrastate commerce to meet all requirements of the Federal Motor Safety Carrier Regulations;

    c. S.C. Code § 56-5-730 requiring obedience to traffic laws;

    d.   S.C. Code § 56-5-2920 in driving a motor vehicle in such a manner as to indicate a willful, wanton, reckless, grossly negligent and negligent disregard for the safety of others;

    e.   In failing to maintain a proper lookout;

    f.   In failing to maneuver to avoid an accident;

    g.   In failing to follow recognized industry safety standards, USDOT Regulations, Federal and State highway safety laws, and/or company policies for ensuring driver safety on the roadways; and

    h.   In any and all other violations of the laws and regulations of the State of South Carolina as may be proved at trial.

22.    The collision, injuries and damages described in this Complaint were the direct, foreseeable and proximate result of the negligent, careless, willful, wanton, reckless, and grossly negligent acts or omissions of Defendant Hammons, who was acting in the course and scope of her employment, agency, and representation of Defendant Franks.

23.    Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Defendant Hammons as set out above, as well as her violations of state law, Plaintiff is entitled to recover actual and punitive damages as determined by a jury.

### FOR A THIRD CAUSE OF ACTION
**(Negligent Hiring, Supervision and Retention)**

24.    To the extent they are not inconsistent with this cause of action, Plaintiff incorporates the allegations of the paragraphs above into this cause of action.

25.    Upon information and belief, Defendant Franks owned and operated as an interstate freight trucking common carrier that used the public roadways throughout South Carolina, and

owed statutory and common law duties to the Plaintiff not to negligently hire, supervise and retain employees to include Defendant Hammons.

26. Plaintiff is informed and believes that Defendant Franks was negligent, careless, reckless, wanton, and grossly negligent at the time and place hereinabove mentioned in the following particulars:

a. In failing to have in place policies and procedures regarding appropriate hiring practices to ensure its drivers were capable of safely operating trucks on South Carolina highways, or if such policies and procedures were in place, in failing to enforce them;

b. In failing to have in place policies and procedures to train and/or monitor its drivers, or if such procedures were in place, in failing to enforce them;

c. In failing to have in place adequate policies and procedures to mandate compliance by its drivers with statutes, laws, and regulations regarding the operation of motor vehicles, or if such policies and procedures were in place, in failing to enforce them;

d. In failing to have in place an adequate safety program for the safety and protection of the motoring public, or if such program was in place, in failing to implement it;

e. In failing to ensure that its driver and/or employee had the proper training and experience to be able to navigate her vehicle in a safe and effective manner;

f. In failing to properly investigate its employee's driving record and/or ability to drive to ensure that she possessed the requisite skill and attention to maintain control of and ability to drive a vehicle for Defendant Franks; and

  g. In generally failing to use the degree of care and caution that a reasonably prudent entity would have used under the same or similar circumstances.

27. As a direct, foreseeable and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Defendants, Plaintiff suffered serious injuries including significant injury to her left eye which caused a traumatic macular hole and resulted in permanent visual impairment.

28. Plaintiff is entitled to judgment against the Defendants for her above-described injuries.

WHEREFORE, Plaintiff demands a jury trial and prays for the following:

 i. that judgment be entered against the Defendants jointly and severally for actual and punitive damages in an amount to be determined by the jury;

 ii. for attorneys' fees and the costs of this action; and

 iii. for such other and further relief as the Court and jury deem just and appropriate.

s/Sarah H. L. Norton  
Sarah H. L. Norton (Fed. ID No. 13828)  
222 West Coleman Blvd., Suite 120  
Mt. Pleasant, SC  29464  
Tel. 843-697-8447  
Fax 843-416-8379  
sarah@mwgaylaw.com  
ATTORNEY FOR THE PLAINTIFF

Charleston, South Carolina  
September 15, 2023